UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**GRISELDA DELGADILLO**   )
14462 Meridian Drive
Woodbridge, Virginia 22191

    **Plaintiff**

**v.**

                                   )   **Case No.**

**Cleveland Construction, Inc.**
8620 Tyler Boulevard
Mentor, Ohio 44060

Serve:  CT Corporation System
       Registered Agent
       1015 15th Street, N.W., Suite 1000
       Washington, D.C. 20005

    **Defendant**
                                     )

## COMPLAINT
### (SEXUAL HARASSMENT, RETALIATION TITLE VII, 42 U.S.C SECTION 2000(e)

### PARTIES

1. Plaintiff, Griselda Delgadillo, is an individual residing at 14462 Meridian Drive Woodbridge, Virginia 22191.

2. Defendant Cleveland Construction, Inc., is a corporation with usual place of business at 8620 Tyler Boulevard, Mentor, Ohio 44060.

### SUBJECT MATTER JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. Section 1331 because this case arises under a federal statute, namely Title VII, 42 U.S.C. Section 2000(e).

**PERSONAL JURISDICTION**

4. This court has personal jurisdiction over defendant pursuant to District of Columbia Code Section 13-423(a)(1) and 13-423(a)(3) because this cause of action arises out of defendant's transaction of business in the District of Columbia and because defendant has caused tortuous injury in the District of Columbia.

**VENUE**

5. Venue is proper in the District of Columbia pursuant to 42 U.S.C. Section 2000e-5(f)(3) because the unlawful practice giving rise to plaintiff's cause of action arose in the District of Columbia.

**FACTS COMMON TO ALL COUNTS**

6. Between March 15, 2006 and June 9, 2006, plaintiff worked as a Drywall Finisher and Team Leader for defendant at 1200 New Jersey Avenue, S.E., Washington, D.C. During this time period, Jake Glover was plaintiff's supervisor.

7. Between March 15, 2006 and June 9, 2006, while plaintiff was working for defendant and Jake Glover was acting in a managerial and supervisory capacity, Mr. Glover constantly made offensive sexual remarks and unwelcome sexual advances toward plaintiff. During this time period, Mr. Glover constantly asked plaintiff out on dates, tried to kiss her, called her on her cell phone, asked her out to dinner, and yelled at her when she would not acquiesce to his demands. After plaintiff complained about this conduct, she was immediately terminated from her employment on June 9, 2006.

8. Mr. Glover's conduct was so frequent, pervasive, physically threatening, humiliating, and severe that it altered the conditions of plaintiff's employment and created an intimidating, abusive, hostile, and offensive working environment which unreasonably

interfered with plaintiff's performance of her job and had a severe impact on plaintiff's psychological well-being. Male employees were not subject to this type of treatment. Plaintiff was treated differently due to her gender.

9. Although Mr. Glover knew that his conduct was both unwanted and unlawful at the time that he subjected plaintiff to sexual harassment, he was indifferent to the consequences of his actions and he repeatedly harassed plaintiff. This conduct was intentional, outrageous, intolerable, wanton, reckless, and motivated by malice and\or reckless indifference. This conduct clearly offended generally accepted standards of decency and morality and should not be tolerated in a civilized society. Since Mr. Glover was acting in a managerial capacity within the scope of his employment as plaintiff's supervisor at the time that the sexual harassment and retaliation occurred, defendant is vicariously liable for their conduct and for all resulting compensatory and punitive damages.

13. While working as a drywall finisher and Team Leader for defendant, plaintiff earned the sum of $24.00 per hour and with overtime was earning $1368.00 per week. As a result of the loss of her job on June 9, 2006, plaintiff has lost income in the amount of $10,944.00 because she was unemployed for a period of two months after June 9, 2006. Plaintiff has also continued to lose income since August 2006 since she has never been able to earn as much money as she was earning while working for defendant. Plaintiff will continue to lose income for the forseeable future.

14. As a result of the loss of her job and the sexual harassment which she experienced, plaintiff has also suffered severe mental and emotional distress including

depression, anxiety, embarrassment, and humiliation. As a result of the depression which she experienced, plaintiff became very nervous and she had trouble eating and sleeping.

12. On August 29, 2006, 2006, plaintiff filed a verified charge of hostile environment sexual harassment, sexual discrimination, and retaliation with the Equal Employment Opportunity Commission. This charge was then cross-filed with the District of Columbia Office of Human Rights. The United States Equal Employment Opportunity Commission was unable to resolve the matter and on August 31, 2007, the EEOC issued a "Notice of Right to Sue Letter" to plaintiff giving plaintiff 90 days from August 31, 2007 within which to file a lawsuit concerning the case.

## COUNT ONE
**(Hostile Environment Sexual Harassment, 42 U.S.C. Section 2000e)**

13. Plaintiff reincorporates all prior allegations contained in paragraphs one through twelve by reference into paragraph thirteen of Count One.

14. Mr. Glover's actions in subjecting plaintiff to unwelcome sexual advances and touching her inappropriately was so frequent, pervasive, physically threatening, humiliating, and severe that it altered the conditions of plaintiff's employment and created an intimidating, abusive, hostile, and offensive working environment in violation of 42 U.S.C. Section 2000e which unreasonably interfered with plaintiff's performance of her job and had a severe impact on plaintiff's psychological well-being.

15. As a result of defendant's actions plaintiff has lost income and has experienced severe mental and emotional distress.

## COUNT TWO
**(Retaliation, 42 U.S.C. Section 2000e)**

16. Plaintiff reincorporates all prior allegations contained in paragraphs one

4

through fifteen by reference into paragraph sixteen of Count Two.

17. Plaintiff engaged in protected activity by complaining about the sexual harassment which she experienced

18. Plaintiff was terminated from her job because she complained about Mr. Glover's harassment.

19. As a result of defendants' actions plaintiff has lost income and has experienced severe mental and emotional distress.

## DEMAND

WHEREFORE, plaintiff demands judgment in her favor and an award of

1. back pay;
2. front pay;
3. compensatory damages in the amount of $300,000.00;
4. punitive damages in the amount of $300,000.00;
5. pre-judgment and post-judgment interest;
6. an award of attorney's fees pursuant to 42 U.S.C. Section 1988;
7. costs; and
8. such other and further relief as the nature of this case may require.

## DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted:

_____
James A. DeVita, D.C. Bar # 370578
2111 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
703-351-5015 (office) 703-351-9750 (fax)
jdevita@devitalaw.com
Attorney For Plaintiff

5

Case 1:07-cv-01897-PLF   Document 1-2   Filed 10/22/2007   Page 1 of 2

JS-44
(Rev.1/05 DC)

CIVIL COVER SHEET

07-1897
PLF

## I (a) PLAINTIFFS

Grisalda Dalgadillo

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Prince William
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Cleveland Construction, Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Lulu County
(IN U.S. PLAINTIFF CASES ONLY)
CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James A. DeVita   703-351-5015
James A. DeVita & Associates
2111 Wilson Boulevard, Arlington, VA 22201

Case: 1:07-cv-01897
Assigned To : Friedman, Paul L.
Assign. Date : 10/22/2007
Description: Employ. Discrim.

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☒ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(1)

| ☐ G. *Habeas Corpus/* 2255 | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 2000e, Sexual harassment, retaliation

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ 600,000  Check YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO If yes, please complete related case form.

DATE 10/22/07  SIGNATURE OF ATTORNEY OF RECORD James O. La Nita (JSP)

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd